E. C. Corbett, plaintiff in error, vs. John Gilbert, defendant in error.

[1.] The verdict of a jury may be amended in form, to correspond with the manifest intent of the jury apparent in the verdict.

[2.] An attorney at law who is called on to write a bill of sale for a negro, is not prohibited by the statute from giving evidence of a conversation between the parties in relation to the contract.

[3.] Request to charge, not warranted by the evidence in the cause, ought not to be given.

[4.] A party making a positive assertion of the solvency of the maker of a note, in order to enable him to pass it off in a trade, when from circumstances he is presumed to know his condition, and he knows that the party with whom he is trading supposes him to be acquainted with it, is liable, if the maker be insolvent at the time.

[5.] Declarations that a person is solvent, have reference to the time when the declaration is made.

[6.] Request to charge not warranted by the evidence, need not be given.

[7.] If plaintiff declare in deceit against a defendant for the fraudulent representation that the maker of a note, which he proposed to trade to him, was solvent, when he knew at the time he was insolvent, he must sustain both allegations by direct proof, or by circumstances, to the satisfaction of the jury.

[8.] The return of *nulla bona* on an execution against a debtor, is not the highest evidence of his insolvency. His discharge under the insolvent debtor's act is higher and better evidence of that fact.

Case, from Early Superior Court.    Tried before Judge Allen, at September Term, 1857.

Edmund C. Corbett, in the year 1852, purchased from John Gilbert a negro man slave, and in part payment transferred to him a promissory note for $600, which he held on one Allen J. Harrison, dated the 17th day of July, 1852, and due twelve months after date, for value received. At the September Term, 1853, after the note fell due, Gilbert commenced an action on the note against Harrison, and at the April Term following, obtained a judgment against him. On the 1st of May following, a *fi. fa.* upon that judgment was issued and placed in the hands of the Sheriff, who, on the 20th day of June, 1854, made a return of *nulla bona*, John Gilbert, thereupon brought this action on the case against Edmund

C. Corbett, stating in his petition the above facts, and alleging that he was induced, by the representations made him by Corbett, as to Harrison's solvency, to take the promissory note, and that Corbett, well knowing that Harrison was in insol-vent circumstances, fraudulently, and intending to deceive him, made such representations.

On the case coming on to be heard at September Term, 1857, the defendant demurred to the plaintiff's declaration, on the grounds that it neither set out the action of deceit or guarantee, and because of the misjoinder of case and assump-sit in the same count, which the Court overruled, and to this the defendant excepted.

Plaintiff, upon the trial, introduced as a witness, Samuel S. Stafford, who testified as follows : " Plaintiff and defendant came to his office and asked witness to write a bill of sale for the negro.   Defendant said that he had left one of the notes at home he intended to let plaintiff have in payment for the negro ; went home and got it ; when he handed the notes to plaintiff, plaintiff said he did not know the makers and was taking them upon the representations of defendant, that they were solvent ; defendant observed that they were solvent, and that Stafford (witness) could collect the money out of them for him.   Did not hear the trade between them.   Witness sued the note as soon as it became due and never collected any money on it.   Thinks Harrison, the maker of the note, left the county in the latter part of the year 1854, or first of 1855, and thinks that he carried off the negro that the note was given for, but did not know that he carried off any other property.   Witness told plaintiff that if the note had been due at the time it was traded, he thought it probable he could have collected it. . Don't think he should have known any-thing of the matter but from the parties having applied to him as an attorney, to write the bill of sale.   That the land own-ed by Harrison at the time of the trade, was afterwards, in November, 1853, sold under fi. fa. ; witness did not consider

the woman sold by Corbett to Harrison worth more than $200."

The defendant's counsel objected to this testimony on the ground that all of Stafford's information was obtained by reason of, and during the relationship of client and attorney. The Court overruled the objection and the defendant excepted.

The counsel for the defendant asked the Court in writing to charge as follows:

1st. That the transfer of a promissory note releases the transferrer of any responsibility to any party or subsequent holder.

2d. That a suit on a promise to guarantee must be brought upon the special contract, and is not sustained by proof of misrepresentations.

3d. A guarantee is a promise to pay the note transferred, if the maker does not pay it.

4th. That a representation to be actionable, must not only be false, but be so to the knowledge of the party making it.

5th. A representation that a party is good or solvent, has reference to the present condition of the maker, and not that he will be good at any future time, and if the jury believe that Harrison was solvent at the time the note was transferred, then the plaintiff cannot recover.

6th. That unless the defendant had said that Harrison would be solvent when the note became due, then the plaintiff cannot recover unless it was shown that he was insolvent on the day of the representation.

All these charges the Court refused to give, but charged the jury as follows:

1st. That if the jury believe, from the evidence, that Corbett gave this note to Gilbert in part payment for the negro, and at the time represented said note to be good and collectable, and Gilbert took the note upon the faith of such representations, and if said note could not be collected, after th

use of proper ordinary diligence, he (Corbett) is liable to Gilbert in damages.

2d. The best and highest evidence of insolvency is the return of *nulla bona* by the Sheriff, on the *fi. fa.*, against the party.

3d. The measure of damages in this case (if they find for the plaintiff) is the principal and interest due on the note.

To these charges, and refusal to charge as requested, the defendant excepted.

The jury found for the plaintiff the sum of $600 and interest.

On the motion of the plaintiff's counsel, and after the jury had dispersed, the Court permitted them to change the verdict of the jury as follows: "We, the jury, find for the plaintiff the sum of $775 50, as damages." To the entering up of judgment on the verdict the defendant excepted.

Counsel for defendant moved for a new trial on the following grounds:

1st. Because the Court erred in not sustaining plaintiff's demurrer to said declaration.

2d. Because the Court erred in admitting the testimony of Samuel S. Stafford.

3d. Because the Court erred in refusing to give the charges, each and all of them, as requested by defendant's counsel.

4th. Because each and all of the charges, as given by the Court, were wrong.

5th. Because the verdict was contrary to law.

6th. Because the verdict was contrary to the charge of the Court.

7th. Because the verdict was contrary to evidence.

8th. Because it was manifestly against the weight of evidence.

9th. Because the verdict was contrary to law and evidence.

The motion for a new trial was overruled by the Court and counsel for the defendant excepted, alleging that the Court erred,

1st. In overruling the defendant's demurrer to the declaration.

2d. In admitting the testimony of Stafford.

3d. In permitting the amendment of the verdict.

4th. In refusing to grant a new trial on each and all the grounds contained in defendant's *rule nisi*.

HOOD & ROBINSON, for plaintiff in error.

LAW & SIMS; and PERKINS, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

The error assigned on the refusal of the Court to sustain the demurrer to the declaration is abandoned by the plaintiff in error.

The several rulings of the Court, objected to by plaintiff in error, are made grounds for a new trial, and are embraced in the assignment of error on the judgment of the Court overruling the motion for a new trial, except the decision in relation to the amendment of the verdict.

[1.] The jury found a verdict for six *hundred dollars* and interest, from the 17th day of July, 1853. The Court directed the verdict to be amended so as to include the interests, making the sum of principal and interest the verdict. On calculating the interest from the time specified in the verdict, to the time the verdict was returned, and the addition of the interest to the principal, it will be found that the verdict, as amended, corresponds exactly in amount with the verdict as originally rendered. It is only an amendment in form and according to the intent of the jury. The amendment was allowable. (*Evans vs. Rogers*, 1 *Kelly*, 467.)

We will now proceed to the consideration of the errors as-

signed on the refusal of the presiding Judge to grant a new trial.

[2.] The first assignment insisted on, is the admission of the testimony delivered by Samuel S. Stafford.   It was objected that his information, in relation to the facts testified to by him, was obtained by reason of, and during the relationship of client and attorney.   Mr. Stafford was called on by the parties to write a bill of sale for the negro, who was sold. There was no confidential communication made to him. The testimony given by him was the conversation which passed between the plaintiff and defendant in respect to the contract, in his presence, at the time he wrote the bill of sale. The statute prohibiting attorneys from giving evidence does not apply to a case like this, and his evidence was properly received.

The next assignment of error is for refusing the new trial, on the third ground taken in the motion, viz: because the Court erred in refusing to give in charge to the jury, each and all the requests of the defendant's counsel, and in giving the charge as set forth in the record.

[3.] The first request ought not to have been given, because it is not true as a legal principle, and because, if it were, it has no application to the case.   The action is not on the transfer, but on the alleged fraudulent representation by which the plaintiff was induced to receive the note.

There is nothing in the record to warrant the second and third requests of the Court to charge the jury.   There was no promise to guarantee the note in this case proven, and it would have been error in the Court to have charged the jury, as requested in this respect.

[4.] The fourth request ought not to have been given in charge to the jury as asked.   If the defendant made a positive statement to the plaintiff that Harrison was solvent, in order to induce the trade, when, from circumstances he ought to have known his condition, and he knew that he was sup-

posed by the plaintiff to be acquainted with it, and Harrison was at the time insolvent, he is liable.

[5.] The Court ought to have instructed the jury as fifthly requested, that a representation that a person is good or solvent, has reference to the time when the representation was made, and that if the jury believed that Harrison was solvent when the note was transferred, the plaintiff cannot recover. This is a correct principle, and the attention of the jury ought to have been called to Harrison's circumstances at the time, that they might have determined from the evidence before them, whether his property was adequate to the payment of the note traded to plaintiff, and the debts which he then owed to others. If the property which he then owned in his own right was adequate to the payment of all, he was solvent; if not, he was insolvent.

[6.] There was no necessity for the sixth request, and as there was no evidence of a guaranty of the continued solvency of Harrison, it was improper. But perhaps there might have been no objection to the charge as requested, with a qualification, that unless from the facts in proof, the jury should believe, the representation had reference to the collectibility of the note at maturity.

[7.] We will now examine the charge, as given by the Court to the jury, and in considering it we must have regard to the case made in the pleadings. The plaintiff alleges, in substance, that to induce him to receive the note in part payment for the negro sold by him to defendant, the latter falsely represented that Harrison, the maker of the note, was solvent; and also, that the defendant knew at the time he made the representation, that he was insolvent. Issue was joined on these allegations. The plaintiff, to make out his side of the case, ought to have proven affirmatively both these allegations, to the satisfaction of the jury. The representation that Harrison was solvent at the time, when in fact he was insolvent, was the first branch of the issue. That his insolvency was known to the defendant, was the second matter in issue.

Both of these allegations must be established by direct proof, or by circumstances in a manner to satisfy the jury. We think that the Court erred in not charging the jury on the second point.

[8.] We think that there is higher and better evidence of a person's insolvency than a return of *nulla bona* on an execution against him. Such a return is unquestionably evidence of his insolvency, but not the highest evidence of it. His discharge under the insolvent debtor's act would be certainly more conclusive evidence. The charge of the Court in that regard was calculated to mislead the jury. They may have considered that evidence, under the charge of the Court, as entitled to such controlling effect, as to exclude all other matters on the question of solvency from their consideration.

The other grounds in the motion for a new trial, that the verdict was contrary to law; that it was contrary to the charge of the Court; that it was contrary to the evidence; that it was contrary to the weight of evidence; and that it was contrary to law and evidence, it is scarcely necessary to consider, as we reverse the judgment of the Court below on the grounds already passed upon. We will barely remark that if our judgment rested on them alone, we do not know that we would interfere with the discretion of the presiding Judge, who refused the motion.

Judgment reversed.