## CONANT v. STORTHZ.

Opinion delivered April 6, 1901.

PLEADING—MOTION TO MAKE COMPLAINT MORE SPECIFIC.—Where a complaint alleged that plaintiff paid a certain sum to defendant for becoming surety on his bail bond, and that defendant, in violation of his agreement to remain on the bond until the trial of the cause, exercised his statutory privilege of surrendering plaintiff into custody, and that plaintiff was compelled to pay a like sum to another party for becoming surety on a second bond for his release, and it was uncertain from the face of the complaint whether the action was based on a tort or a contract, it was not error to require the plaintiff to make his complaint more specific.

Appeal from Pulaski Circuit Court.

JOSEPH W. MARTIN, Judge.

Action by Conant against Storthz. From a judgment for plaintiff defendant has appealed.

*E. M. Merriman* and *John D. Shackleford,* for appellant.

There was no error as to joinder of the causes of action for the breach of the contract and for the tort growing out of the breach. 154 Mass. 163; 149 Mass. 410; 4 Allen, 504; 167 Pa. St. 393; 23 N. Y. Supp. 56; 1 Jagg. Torts, 22, 24, 26, 28, 29; 92 Mich. 304; 87 N. Y. 382; *Cf.* Sand. & H. Dig., §§ 5601, 5602, 5604, 5605; 31 Ark. 382; *id.* 657. The suit was, in substance,

S C—14

one in tort. 1 Enc. Pl. & Pr. 143-4, 147; 4 *id.* 915; 43 Hun, 493; 18 How. Pr. 94; 35 Hun, 281; 64 Ala. 1.

*John H. Cherry,* for appellee.

The causes of action were improperly joined. 1 Chitty, Pl. 201; Steph. Pl. 267; Bl. Code Pl. §§ 5, 412, 290; Sand. & H. Dig., § 5717; 33 Ark. 316; 66 Ark. 135. The motion to make more definite was properly sustained.

BUNN, C. J. The appellant, J. D. Conant, charged with murder, on a petition for writ of habeas corpus before the Hon. R. J. Lea, judge of the first division of the Pulaski circuit court, was held to bail in the sum of $5,000, to be and appear in said court at its ensuing term, and not depart without leave thereof, in the form of the statute. Conant procured the appellee as his bondsman, paying him $50 to go his bail, and was thereby released from custody. He contends that, by a verbal contract between them, appellee should have remained his bail on said bond until his trial, or other final disposition of the case. It appears, however, that appellee, exercising his statutory privilege, surrendered appellant into custody before the case was called for trial, and, as appellant avers, in violation of his said contract; and appellant was reincarcerated, and gave $50 to another party to make a second bond for his release from custody and to appear in said court, appellant avers, in violation of his said contract; and appellant was reincarcerated, and gave $50 to another party to make a second bond for his release from custody and to appear in said court, as was the condition of the first bond. These facts were substantially set forth in the complaint, and on motion of defendant the trial court ordered plaintiff to make the complaint more specific and certain, which he declined to do, and judgment was rendered for the defendant.

The action of plaintiff was for a tort, which he claimed resulted from a breach of the contract, and his damages were laid in his complaint at $5,000; thus giving the circuit court exclusive jurisdiction, if the action as for a tort was maintainable at all. If we eliminate the contract, there could be no tort, since the defendant was but asserting his statutory right when he surrendered the plaintiff into custody. If the contract is to be relied on as a basis of the action, then the claim for damages as for tort would not lie; for the two cannot be joined in one action under ordinary circumstances, and there is nothing in the facts of the case to take it out of the ordinary rule, as was held in *Fordyce* v. *Nix,*

58 Ark. 140. This is the whole difficulty in the case. If the plaintiff declares on his contract, alleging a breach of it, the measure of damages is the loss of time and expenditure of money, with interest; and in the present case the circuit court might not have jurisdiction, but the case might fall within the exclusive jurisdiction of a justice of the peace. On the other hand, if the declaration is for a tort, and the amount is sufficient, the circuit court has exclusive jurisdiction; but the evidence to sustain it is entirely different from that on a breach of contract, or, rather, it is something in addition. Hence they ought not to be joined. The circuit court has a large discretion in the matters of practice, and the direction to make more specific and certain in this case was altogether reasonable, and should have been obeyed; and failing to do so but emphasizes the intention of plaintiff to recover on the tort, thus ignoring the contract in fact, or making it, at most, a mere incident. The plaintiff contends that the two causes of action, or rather the two kinds of action, can be properly joined in one; but grant this for the sake of argument, and yet the complaint should show which of the two the plaintiff will rely on. The defendant was entitled to know this much.

Under the circumstances the judgment will be affirmed.