WATERS-PIERCE OIL COMPANY *v.* VAN ELDEREN.

Opinion delivered December 2, 1907.

ACTIONS—CONSOLIDATION—PRACTICE.—Where several causes pending before the same court involve the same questions, the court was authorized to consolidate them, and to permit a single motion for new trial and bill of exceptions to be filed; but, if separate judgments were entered, separate appeals may be taken.

Appeal from Garland Circuit Court; *Alexander M. Duffie*, Judge; reversed.

*Mehaffy & Armistead* and *Rose, Hemingway, Cantrell & Loughborough*, for appellant.

*Wood & Henderson*, for appellees.

JOHN FLETCHER, Special Judge. This case embraces a

number of causes of action on behalf of different parties arising out of an explosion at the Turf Exchange in the city of Hot Springs on the 24th day of December, 1902. The various parties plaintiff brought separate actions against the Oil Company, and these actions were by the court, and, against the objection of the Oil Company, consolidated as authorized by the act of the Legislature, approved May 11, 1905, and were tried before a jury upon the same evidence. Separate verdicts were rendered, and separate judgments were entered against the Oil Company in favor of each plaintiff. One motion for new trial and one bill of exceptions were filed in the cases as consolidated, in which each plaintiff was named as a plaintiff against the Oil Company. A separate appeal was taken to this court from each judgment.

The appellees have filed in this court a motion to dismiss the appeals or affirm the judgments on the ground that the appeals were not properly taken and separate motions for new trial and separate bills of exceptions were not filed as to each of the plaintiffs.

The express purpose of the statute was to authorize the court to "make such orders and rules concerning the proceedings therein as may be conformable to the usages of courts for *avoiding unnecessary costs or delay in the administration of justice.*" Acts of 1905, pp. 798, 799. No possible good could have been accomplished, either to the plaintiffs or other parties to the suit, by filing separate motions for new trial or separate bills of exception. On the contrary, the record would have been unnecessarily incumbered, and the appellant put to unnecessary cost and delay.

Counsel for appellees rely upon the case of *Louisville & Nashville R. Co.* v. *Summers,* 125 Fed. 719, where it was held, under an act of Congress the same as this, that "when two separate actions depending on the same facts were consolidated and tried together for convenience only, but the verdicts and judgments were separate, it was improper to include both in a single writ of error." If it be admitted that this rule is applicable to the practice in the courts of this State, its requirements are met in this case by a separate appeal from each judgment. The motion is overruled.

In the case of *Waters-Pierce Oil Company* v. *Burrows, 77 Ark.* 74, this court sustained a verdict against the Oil Company arising out of this same explosion. Subsequently, in the case of *Waters-Pierce Oil Company* v. *Knisel, 79* Ark. 608, where the facts were more fully developed than in the Burrows case, the court reversed a judgment against the Oil Company arising out of the same accident on the ground that the physical facts, as shown by the undisputed evidence in the case, demonstrated that the evidence upon which the plaintiff based his claim for recovery against the Oil Company was not only highly improbable but irrational, at war with the physical facts, and contrary to all human experience and common information, and therefore without probative force. There is no material difference between the evidence in that case and this. There is nothing which calls for a different conclusion in this case from that reached by the court in the Knisel case; and, as the facts seem to have been fully developed, it is ordered that this case be reversed and dismissed.

WOOD, J., disqualified and not participating.