STURDIVANT v. REESE.

Opinion delivered June 1, 1908.

1. APPEAL WITH SUPERSEDEAS—EFFECT.—Taking an appeal with supersedeas does not have the effect of vacating a judgment, but only of staying proceedings thereunder. (Page 454.)

2. COMMISSIONER OF COURT—EFFECT OF PAYMENT TO.—Payment of funds, under orders of the court, to a commissioner appointed by the court is equivalent to a deposit in court, of which the court has exclusive jurisdiction to order a distribution. (Page 454.)

3. ELECTION—PURSUING DIFFERENT REMEDIES.—Procuring a judgment on a supersedeas bond will not preclude a party from pursuing another remedy which he has, namely, an application to the trial court for distribution of a fund in court, as the two remedies are not inconsistent, although there can be but one satisfaction of the debt. (Page 455.)

Appeal from Howard Chancery Court; *James D. Shaver,* Judge; affirmed.

*W. C. Rodgers,* for appellants.

1. On appeal to this court the trial of a chancery case is *de novo.* 73 Ark. 187; 75 Ark. 72; 76 Ark. 153; 105 U. S. 265. Such being the case, when the former appeal was taken, that procedure necessarily took the cause entirely out of and beyond the control of the lower court, and brought the same entirely into this court for trial as though it had never been tried, and it has never been remanded for any

purpose. The judgment on the supersedeas bond was *in lieu of the decree of the lower court* directing the money to be paid.

2. Appellee will not be permitted to pursue inconsistent remedies. By adopting the judgment of this court and compelling the defendant to execute a stay bond against the execution issued under that judgment, he places himself in such a position that he cannot consistently seek to enforce the order of the lower court. He should be held to his election. 30 Ark. 453; 64 Ark. 213; 65 Ark. 380; 69 Ark. 271; 75 Ark. 40; 76 Ark. 270; 78 Ark. 569; 78 Ark. 501.

*W. P. Feazel,* for appellee.

The chancery court had jurisdiction over its commissioners and the fund in their hands. Kirby's Dig. § 1231; 66 Ark. 43. The appeal with supersedeas does not vacate or extinguish the judgment of the lower court, but only suspends the execution of the judgment until the determination of the case in the Supreme Court. 5 Ark. 390; 9 Ark. 139; 76 Ark. 485. And judgment on the supersedeas bond does not merge or extinguish the judgment appealed from, so as to prevent its enforcement. 31 Am. St. Rep. 265.

McCULLOCH, J. This appeal grows out of a continuation of the litigation set forth in the case of *Sturdivant* v. *McCorley,* 83 Ark. 278. In that case we adjudicated the rights of Mrs. McCorley, holding that she had a lien on a fifth of certain lands which had been sold for partition in another suit then pending in the chancery court of Howard County and could, by intervention in that suit, recover one-fifth of the proceeds of sale then held by the commissioners of the court.

While the money arising from said sale remained undistributed in the hands of the commissioners of court, Mrs. McCorley filed her intervention in that suit, asking that the one-fifth of the funds to which this court held she was entitled be paid over to her. She died during the pendency of the matter, and the cause was revived in the name of an administrator, and at the November term, 1907, of the Howard Chancery Court an order was made directing that the commissioners pay over to said administrator one-fifth of said funds. From that order and decree W. A. J. Sturdivant, the defendant in this suit, appealed

to this court, and gave a supersedeas bond in statutory form. This court affirmed the decree and order appealed from, and rendered judgment here against the appellant and the sureties on his supersedeas bond. Execution was issued on the judgment from this court, and the same was stayed by execution of a stay bond.

The administrator then filed another motion in the cause in the chancery court, asking that the commissioners be required to pay over to him the funds which the chancery court, and this court on appeal, had adjudged. The court made the order in accordance with the prayer, directing the commissioners to pay over the money within twenty days from the date of the order, and an appeal from that order was granted by the clerk of this court, on the application of the three commissioners and W. A. J. Sturdivant, the defendant.

It is contended on behalf of appellants that the chancery court lost jurisdiction of the cause when the former appeal to this court was taken, and that it had no power to make further orders concerning the funds.

We cannot give our approval to that contention. The appeal and supersedeas had the effect only of suspending the execution of the decree appealed from, and did not vacate it. *Miller* v. *Nuckolls,* 76 Ark. 485.

The decree of the chancery court awarding the funds in the hands of the commissioners to appellee and directing the commissioners to pay the same over to him was affirmed by this court, and the chancery court could properly enforce it. Kirby's Digest, § 1231. The commissioners are officers of the court, and funds held by them as such are subject to the orders of the court. The court did not by the former appeal lose control of funds in the hands of its commissioners, and after the affirmance of the decree appealed from still possessed the power to order distribution of the funds. Even in the absence of any statute on the subject, the court would inherently possess such authority. It would be anomalous to say that a court loses power to require its commissioners to distribute funds which have come into their hands as officers of the court and by virtue of the orders of the court. Payment under orders of the court to a commissioner or other functionary appointed by the court

is equivalent to a deposit in court, and the court has exclusive jurisdiction to order a distribution.   13 Cyc. p. 1038.

The procurement of a judgment here on the supersedeas bond was not an election to pursue that remedy and an aban-.. donment of all other remedies.   Appellee was not put to an elec- tion of remedies.   The judgment on the supersedeas bond fol- lowed as a matter of course upon affirmance of the decree, but the right to have paid over the funds in the hands of the com- missioners of the court below which had been decreed to Mrs. McCorley's administrator was not thereby lost or barred.   The two remedies are cumulative and not inconsistent.   It is only where two or more remedies are inconsistent that the election to pursue one is an abandonment of others.   *Craig* v. *Meri- wether,* 84 Ark. 298.

Though there can be but one satisfaction, as many remedies, consistent with each other, as the law affords may be pursued at the same time.

Affirmed.