HARRIS v. TRUEBLOOD.

Opinion delivered May 29, 1916.

1. FRAUD AND DECEIT—FALSE STATEMENT PROMISSORY IN CHARACTER.—A false statement merely promissory in its character, can not be made the basis of an action for fraud and deceit.

2. CONTARCTS—WRITTEN CONTRACT—PAREL PROOF—AGREEMENT TO STAY OUT OF BUSINESS.—Where the whole terms of a contract are in writing, oral proof of an agreement to stay out of business is inadmissible.

3. ACTIONS—JOINDER—TORT AND CONTRACT.—An action for the recovery of damages for tort, can not be joined with an action on contract.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little,* Judge; reversed in part and affirmed in part.

*Geo. F. Youmans* and *John P. Woods,* for appellant.

1. False statements merely promissory in character can not be made the basis of an action for fraud and deceit. 121 Ark. 23; 91 Ark. 324; 241 Ill. 521; 24 L. R. A. (N. S.) 733; 25 S. E. 529; 15 Ind. 11; 92 Va. 1.

2. An action *ex delicto* and one *ex contractu* can not be joined in the same complaint. Kirby's Digest, § 6079; 23 Cyc. 415; 69 Ark. 209; 82 Mo. 242; 35 *Id.* 483; 34 Ind. 72; 31 Pac. 259.

3. The falsity of the alleged representations, and plaintiff's ignorance of same are not alleged nor shown, nor that plaintiff relied upon them. 20 Cyc. 99, 101-2; 130 U. S. 643; 77 Ga. 151; 11 Vt. 615; 91 N. Y. Supp. 909; 34 N. J. L. 296. The verdict is not supported by the evidence.

4. The instructions are erroneous and improper evidence was admitted. Cases *supra*.

*J. F. O'Melia,* for appellee.

1. 91 Ark. 324 does not apply. Plaintiff paid $500 to defendant to stay out of business, and he was entitled to recover for fraudulent representations and a breach of the contract.

2. The amended complaint did not set up separate causes of action. The suit grew out of one transaction, but if the complaint did set up separate causes of action the court should have consolidated the suits. Kirby's Digest, § § 6083, 6079; 33 Ark. 316; 32 *Id.* 733. The court had jurisdiction of the whole cause of action.

3. The objections were properly overruled. Kirby's Digest, § 6091.

4. The evidence supports the verdict. 57 Ark. 577; 73 *Id.* 377; 75 *Id.* 111; 76 *Id.* 326.

5. There is no error in the instructions.

McCULLOCH, C. J. The controversy in this case between appellee, C. W. Trueblood, who was the plaintiff below, and appellant, G. L. Harris, who was defendant below grew out of a transaction between the parties whereby the former conveyed his farm in Crawford County to the latter in exchange for a meat shop in the city of Fort Smith, and also sold to the latter, as alleged, a lot of personal property. The parties entered into a written contract, dated October 27, 1914, as follows:

"Whereas Charles W. Trueblood has this day sold and conveyed by warranty deed to G. L. Harris the following described real estate lying in Crawford County, Arkansas (here follows description), for the consideration of four thousand three hundred ninety-nine ($4,399.00) dollars; and

"Whereas in said deed the said Harris as grantee assumes and agrees to pay as part of said consideration two mortgages set out in said deed, the one to J. T. Nelson for $1,700.00, and the other to L. J. Bronson for $500.00, the balance of said consideration, towit: $2,000.00 being paid by said Harris as recited in said deed by the sale and transfer of 'a lot of meat market fixtures,' to the said Trueblood; and

"Whereas it was a part of said contract that the said Trueblood should have the privilege of selling said tract of land at any time within one year from the date of said deed upon condition that he shall have all he can get for said land over and above the said sum of $4,399.00, and such taxes and charges as may accrue upon said land within said year:

"Now, therefore, in consideration of said agreement, and of the sum of one dollar each to the other paid, the receipt of which is hereby acknowledged, it is mutually agreed between the said Charles W. Trueblood and the said G. L. Harris that said real estate may be sold within one year from this date, either by the said Trueblood or the said Harris, provided it can be sold for more than $4,399.00 and that the said Charles W. Trueblood shall have all that said real estate can be sold for over and above a sum sufficient to pay off said mortgages and to pay said Harris $2,000.00; and said Harris agrees to convey said land by proper deed to any purchaser who can be found during said year who will pay for said land a sum in excess of what is required to pay off said mortgages and to pay said Harris $2,000.00, and it is further agreed that said land may be sold during said year in forty-acre tracts, the north forty acres for not less than

$2,500.00, and the south forty acres for not less than $1,900.00.''

The discrepancy between the price of the land named in the contract ($4,399.00) and the three items constituting the amount to be paid is explained in the testimony as being covered by the interest on the notes, which it is conceded amounted to $199.00, and which makes the three items correspond with the aggregate price mentioned in the contract.

Appellee subsequently conveyed the land to appellant pursuant to the terms of the contract, and later appellant sold and conveyed the land to one Burrough, appellee also joining in the conveyance. At the time of the execution of the contract and delivery of the meat market fixtures, appellee also delivered certain personal property at an agreed price of $700.00, and afterwards he recovered all of it except certain articles alleged to be of the value of $250.00. The suit was to recover said sum of $250.00, alleged to have been the agreed price which appellant was to pay appellee for the property, and also to recover damages for alleged breach of the contract, and for alleged false representations and deceit in the sale of the meat shop. The original complaint contained five paragraphs, setting up different causes of action, but the court sustained a demurrer to two of the paragraphs, and one paragraph was dismissed by appellee himself, so we need only make reference to the two paragraphs to which the court refused to sustain the demurrer and upon which the case was sent to the jury.

In the first paragraph it is stated in substance that ''when said trade and exchange was made, defendant fraudulently represented that he would stay out of business in the city of Fort Smith, Arkansas, for the period of one year; that the meat market was earning $200.00 per month, over and above all expenses; that said fraudulent representations were made by defendant for the purpose of deceiving and defrauding plaintiff, all of which was well known to defendant, at the time; that, by

reason of said fraudulent representations, in reliance upon the truth of which plaintiff has been damaged in the sum of $1,000.00, for which plaintiff prays judgment.''

The remaining paragraph declares upon the alleged contract for the payment of $250.00 as the price of the personal property.

Appellant moved to strike out the first paragraph on the ground that it stated a cause of action for tort and could not be joined with the other causes of action on contract. The court overruled the motion. On the trial of the case the jury returned a verdict in favor of appellee for the sum of $250.00 for the price of the personal property, and "damages in the sum of $500.00" Since the transcript was lodged here on appeal, appellant Harris was declared to be a bankrupt and the trustee of his estate has been substituted.

(1-2) The verdict does not show upon which item of the first paragraph the damages were awarded, whether under the first item for the alleged false representations or the second item for breach of the alleged promise to stay out of business. The first paragraph embodied alleged false representations in two respects, namely, concerning the earning capacity of the meat market and the promise of appellant to stay out of the business in the city of Fort Smith for the period of one year. Appellee attempted to show that he was damaged in the sum of $500.00 by reason of appellant's failure to comply with his promise to stay out of the business, and it is probable that the sum awarded by the jury was to cover that item. It is sufficient to say, however, concerning that feature of the case, that appellee was not entitled to recover anything at all for the reason that a false statement merely promissory in its character can not be made the basis of an action for fraud and deceit (*Harriage v. Daley*, 121 Ark. 23, 180 S. W. 333); and that parol proof of the promise for the purpose of establishing a contract on the part of appellant to stay out of the business was not admissible for the reason

that there was a written contract reciting all of the considerations, which were of a contractual nature, and the introduction of the parol proof would vary the terms of the contract itself. *Mott v. American Trust Co.*, 124 Ark. 70.

(3) If the jury awarded any damages to appellee for alleged false representations concerning the earning capacity of the meat shop, we are unable to discover it from the verdict or to separate it from the other damages awarded. The testimony was conflicting on that point, and it appears probable that the award of $500.00 was intended to cover the special damages which appellee attempted to prove for appellant's breach of promise to stay out of the business for a year. The judgment must, for that reason, be reversed, and inasmuch as an action for recovery of damages for tort can not, under our statute, be joined with an action on contract, this branch of the action will be dismissed.

It is earnestly insisted that the evidence is insufficient to support the verdict on the paragraph asking a recovery for the price of personal property. It will be observed that the written contract relates entirely to the exchange of the farm for the meat shop, and nothing is said therein concerning the sale by appellant of the personal property. That was established by the evidence as an independent transaction, and the evidence adduced by appellee tends to support his right to recover the price of the personal property. We are of the opinion, therefore, that that part of the judgment should be affirmed.