UNIONAID LIFE INSURANCE COMPANY *v.* CRUTCHFIELD.

Opinion delivered December 1, 1930.

*J. V. Walker, Duty & Duty, W. B. Sorrels, M. J. Harrison* and *Creed Caldwell,* for appellant.

*Isaac McClellan,* for appellee.

BUTLER, J. Action in the court below by the appellee (plaintiff) to recover the sum of $218.18, total amount of assessments paid on certificate of membership in the Mutual Aid Union Society, the ground for recovery first alleged being for breach of contract and later by amendment to complaint for fraud and misrepresentation in the procurement of appellee's application. There was a verdict and judgment against the defendant (appellant) in favor of the appellee for the sum sued for, from which judgment is this appeal.

The facts of this case, with the exception of the names, dates, and the issue raised by the amendment to the complaint, are identical with those of the case of *Fowler* v. *Unionaid Insurance Company,* 180 Ark. 140, 20 S. W. (2d) 611.

The pleading designated by the appellee as "Reply to the Answer of Defendant" was in fact an amendment to the complaint by which was engrafted on the suit on contract an action in tort. The effect of the allegations of this pleading was that appellee was induced to apply for the certificate of membership on the representation of the agent that the monthly assessment would never exceed the maximum rate named in the certificate, and the agent failed to acquaint him with the provision of the application by which the officers of the Mutual Aid Union were constituted attorneys in fact to vote at the annual elections for directors and on other questions arising for consideration at such meetings, and that, had he known that by his application a proxy would have been given the officers, or that the monthly assessment could be raised above the maximum named, he would not have signed the application or become a member of the Union, and that such statements of the agent and concealments by him constituted a fraud in the procurement of the contract.

The allegations of the complaint as amended stated inconsistent causes of action, the first being that there was a valid contract and a breach of same resulting in damage to the plaintiff, the second being that there was no contract because of fraud in the procurement of the application, and that the sums paid under the purported contract should be recovered because of such fraud. It is clear that the evidence to sustain one allegation would be different from that necessary to sustain the other and therefore they ought not to have been joined. *Conant* v. *Storthz,* 69 Ark. 209, 62 S. W. 415.

On the question of fraudulent representations or concealments, appellee was the only witness. He was testifying as to a transaction which occurred about twelve years prior to the time of his testimony, and during which time nothing happened to cause him to remember the details of such transaction. It is therefore not surprising that his testimony was equivocal. Stated most favorably

for the appellee and boiled down, it amounts to this: Appellee was an uneducated farmer about fifty-five years of age at the time, but could read and write. The solicitor for the Mutual Aid Union, who is called in appellee's pleadings and testimony "the agent of the company," was an ex-county judge of appellee's county, well known to him and highly respected in the community. He solicited of the appellee his application for membership in the Union, procured his signature to the application, and issued a receipt for the amount paid upon the signing of the application, which receipt was kept by the appellee, exhibited on the trial, and on its face showed that the application was to be forwarded to the Mutual Aid Union, and, if accepted by the Union, the certificate of membership was to be issued and delivered to the appellee. At the time the application was solicited it was explained to the appellee that the assessments would be monthly, beginning with fifty-four cents and increasing one cent a month for eighty months and would not exceed in the future the sum of $1.34, the amount named as the maximum assessment. (This is the only representation claimed by the appellee to have been made by the person who solicited of him membership in the Mutual Aid Union). He was not informed of the provision in the application by which the officers of the Union were constituted his attorneys in fact to cast his vote at the annual elections. He did not remember whether he read the application, but thought he did not, and did not remember whether or not it was read to him by the agent. He knew he had the right to attend the annual meetings of the Union and to cast his vote on questions there presented and was familiar with the fact that in organizations of that character the certificates were subject to, and controlled by, the by-laws. He continued to pay his assessments regularly until they reached the sum of $1.34 per month and such assessments as were demanded from time to time during a period of about twelve years and until he received notice from the appellant company that

it had taken over the business of the Mutual Aid Union, by which notice he was advised of the different rates he might pay and the amount of benefit which would accrue under the various plans, the acceptance of any one of which was made optional with him, and that to continue the certificate for the benefit named therein a monthly assessment in excess of $1.34 was required. He refused to pay the increased assessments and brought this suit.

1. With the exception of the issue of fraud raised by the amendment to the complaint, the facts as above stated are practically identical with those in the case of *Fowler* v. *Unionaid Life Insurance Co., supra.* That case rules this. In the instant case, as in the case cited, the application for membership, the certificate, the by-laws of the Mutual Aid Union and the notice of reinsurance contract entered into between the Mutual Aid Union and the appellant company were introduced in evidence. By section 4 of the by-laws in force at the time of the application and at the time the contract of reinsurance was entered into authority was given the management of the Union to increase the amount or require additional or extra assessments when necessary, and that the policyholders would be subject to such increased or extra assessments. By section 31 of the by-laws the board of directors was given power, if expedient, to transfer or merge the membership in whole or in part with any other institution when deemed for the best interests of the membership.

The evidence in this case sets out the entire contract of which the by-laws are an essential part and of which fact appellee had knowledge. While the appellee never had in his possession a copy of the constitution and by-laws of the Union, it is not contended that he could not have obtained same, had he so desired, and he must be held to have known of the essential provisions of the same and to be bound by them, for the application, certificate and by-laws constitute the contract. *Mutual Aid Union* v. *Purdue,* 162 Ark. 551, 258 S. W. 375; *Ill. Bank-*

ers' *Life Assn.* v. *Byassee,* 169 Ark. 230, 275 S. W. 519, 41 A. L. R. 379; *Mutual Aid Union* v. *Lovitt,* 170 Ark. 745, 281 S. W. 354; *Fowler* v. *Unionaid Life Ins. Co., supra.* In the last-named case we said: "If the entire contract is considered, there can be no doubt that the right to change or raise the rates was agreed to, and that the appellant authorized the officers of the company to act as his attorneys in fact and cast any vote that he might cast."

2. On the issue of fraud raised by the amendment to the complaint, passing by the question as to the misjoinder of causes of action and the competency of the evidence on the part of the appellee on that issue, we have concluded that there were no false representations made or deceit practiced, for the statement relied on was an opinion only. The receipt issued to the appellee upon his signing the application and delivery of it to him apprized him of the extent of the agent's authority, which was merely that of a soliciting agent, and by a provision of the application it was expressly stipulated that the Union should not be bound or any of the provisions of the certificate issued on the application waived or affected by any act or statement made by any agent or other person which was not contained in the application. If, then, the agent made the statements attributed to him, he merely stated what appeared in the application itself, which application, together with the by-laws and certificate, constituted the contract. The statement was substantially true at the time it was made, and remained so for a period of twelve years, and until the Insurance Department of the State of Arkansas, under authority vested in it by acts 137 and 139 of the Acts of 1925, by peremptory order caused the appellant company, successor to the Mutual Aid Union, to require the certificate holders of the Union to pay "an adequate rate on such a basis as to give full benefit or such benefit as would be commensurate with the monthly contributions paid." It follows that, as the statement was true at the time made, subsequent changes in the condition of affairs making

necessary an increased rate which one of the knowledge and experience of the person making it could not reasonably have foreseen cannot affect the liability of the person making it or alter the contractual relation of the parties. 12 R. C. L. 303, § 64; *Corbett* v. *Gilbert*, 24 Ga. 454; Elliott on Contracts, vol. 1, § 87; *Johnson* v. *Baxter*, 108 Ark. 350, 157 S. W. 387.

Construing the evidence in the most favorable light for the appellee and giving it its strongest probative value, we are of the opinion that in any phase of the case the appellee has failed to establish his right to recover, and that the trial court erred in its finding and judgment. As the case appears to have been fully developed on trial in the court below, the judgment is reversed and the cause dismissed.