KAPP *v.* BOB SULLIVAN CHEVROLET CO.

5-2132                                      335 S. W. 2d 819

Opinion delivered May 23, 1960.

*James M. Roy* and *Elsijane Trimble Roy,* for appellant.

*Gardner & Steinsiek, Reid & Burge* and *Charles M. Love,* for appellee.

JIM JOHNSON, Associate Justice.   This case involves the question of whether bringing an action for tortious conduct (negligence and misrepresentation) growing out of a particular set of facts will bar the bringing of a later suit on implied and express warranty, also based on the same set of facts.

Appellants, C. W. Kapp and Mrs. Nancy B. Kapp, are residents of Blytheville, and appellee, Bob Sullivan Chevrolet Company, has its place of business there.   Appellee sold and installed a set of seat belts on the Kapp automobile in December 1956.   While wearing one of the seat belts during an automobile collision near Amarillo, Texas, on October 12, 1957, Mrs. Kapp received severe and permanent injuries as a consequence of the belt webbing breaking.   Appellants first filed suit No. 5133 for personal injury damages against appellee in the Civil Division of the Chickasawba District, Mississippi Coun-

ty Circuit Court, on December 6, 1958, alleging liability in negligence. Upon refusal of the trial court to permit joinder of warranty claims with the original negligence action in said suit No. 5133, appellants on September 12, 1959, filed the present suit No. 5221 in the same court against the same parties for personal injury damages grounded in breach of warranty. Upon appellee's motion on November 21, 1959, the trial court dismissed appellants' separate warranty action holding as follows:

"After hearing the argument of counsel, the court finds from the face of the pleadings, as a matter of law, that the plaintiffs have made an election of remedy, by reason of which this present action sounding in warranty should be dismissed."

From such ruling comes this appeal.

For reversal appellant contends that the trial court erred in holding plaintiffs'-appellants' prior personal injury suit based in negligence was an election of remedies barring a subsequent personal injury suit based in warranty.

Ark. Stats., § 27-1301 sets out what causes of action may be joined. The trial court was correct in its refusal to permit the joinder of the warranty claim with the original negligence action since this Court has repeatedly held in the application of this statute that an action for the recovery for damages for tort cannot be joined in an action on contract. See: *Harris* v. *Trueblood*, 124 Ark. 308, 186 S. W. 836; *Unionaid Life Ins. Co.* v. *Crutchfield*, 182 Ark. 825, 32 S. W. 2d 806. However, we have been unable to find where this Court has interpreted the statute to mean that an action in tort and an action in contract are necessarily, under all circumstances, inconsistent. In the two cases mentioned, the appellant alleges, in effect that the appellee intentionally misrepresented the quality of the belts and that he negligently selected them, and that he was charged with knowledge that they were not sufficient for the job he sold them for, and that he should be held liable for:

(1) Negligently selecting inferior materials for a given purpose and misrepresenting that they were sufficient when he knew, or by the use of reasonable care could have known they were not sufficient.

(2) That defendant expressly promised (warranted) that they were "the best" and would hold in a collision as well as any belt made.

(3) That even if he didn't make express representations, that he selected and recommended two belts for the job of preventing persons from being tossed around in a collision and that his implied warranty of fitness for the job intended was breached.

As we view these actions, the facts that would support (1) would support recovery under (2) and (3), and the facts developed to support (2) would support recovery under (3). (1) and (2) require proof of express statements, (1) with intent to defraud and with knowledge of the actual untruth; and (2) requiring only that appellee made the representations and appellant relied upon them. Finally (3) requires only that seller sold the goods for a given purpose and that he held them out as being fit for that purpose and purchaser relied upon this.

Therefore, from the facts in this case, we cannot say that the remedies sought by appellants are inconsistent. The doctrine of election does not apply to two actions, one upon a contract and the other for fraud on its procurement, when both depend upon an affirmance of the contract. See: *Dilley* v. *Simmons National Bank,* 108 Ark. 342, 158 S. W. 144.

As was held in *Davis* v. *Lawhon,* 186 Ark. 51, 52 S. W. 2d 887, it is only in cases where the causes of action are inconsistent that the prosecution of one suit bars the other. Where the two remedies are cumulative and not inconsistent, both suits may be prosecuted at the same time. Also see: *Sturdivant* v. *Reese,* 86 Ark. 452, 111 S. W. 261; *Craig* v. *Meriwether,* 84 Ark. 298, 105 S. W. 585.

The Court in the Lawhon case, *supra,* quoting a Florida decision, *American Process Co.* v. *Florida Pressed Brick Co.,* 56 Fla. 116, 47 So. 942, 16 Ann. Cas. 1054, very clearly stated the rule as follows:

"Where the law affords several distinct but not inconsistent remedies for the enforcement of a right, the mere election or choice to pursue one of such remedies does not operate as a waiver of the right to pursue the other remedies. In order to operate as a waiver or estoppel, the election must be between coexistent and inconsistent remedies. To determine whether coexistent remedies are inconsistent, the relation of the parties with reference to the right sought to be enforced as asserted by the pleadings should be considered. If more than one remedy exists, but they are not inconsistent, only a full satisfaction of the right asserted will estop the plaintiff from pursuing other consistent remedies. All consistent remedies may in general be pursued concurrently even to final adjudication; but the satisfaction of the claim by one remedy puts an end to the other remedies."

From what we have said above, the judgment of the trial court dismissing the warranty action is reversed and since the causes of action are of a like nature growing out of the same accident and are pending before the same court involving the same litigants, we have been unable to find a valid reason to prevent, on proper motion, the consolidation of the causes for trial under the terms of Ark. Stats., § 27-1305, and proper determination under special interrogatory. See: *Waters-Pierce Oil Co.* v. *Van Elderen,* 84 Ark. 555, 106 S. W. 947.

Reversed and remanded.

McFADDIN, J., concurs.