[No. 35667. Department Two. August 31, 1961.]

GLEN NISSEN et al., Respondents, v. FRED OBDE et al., Appellants.*

---

*Reported in 364 P. (2d) 513.

*Patrick H. Murphy* and *Michael J. Hemovich*, for appellants.

*Geo. W. Young*, for respondents.

HUNTER, J.—This case is before us on appeal for the second time. The first appeal was reported in 55 Wn. (2d) 527, 348 P. (2d) 421 (1960). Briefly, the facts as reported in that case are as follows.

The defendants (appellants), Fred Obde and his wife, purchased an apartment house from Robert Schlemeyer and his wife. In part payment, a note was executed and delivered by the defendants to the Schlemeyers, which was secured by a mortgage on certain other property. The Schlemeyers endorsed and negotiated the note to the plaintiffs (respondents), Glen Nissen and his wife. Thereafter, the Obdes refused to pay the note when due on the grounds that the apartment house was infested with termites at the time they acquired the building from the Schlemeyers. The plaintiffs commenced this action to recover the amount due on the note and to foreclose the mortgage. The defendants pleaded as an affirmative defense the fraudulent concealment by the Schlemeyers of the termite infestation in the apartment house. The plaintiffs replied by contending they were holders in due course, and, therefore, they were not subject to this defense.

As disclosed by the memorandum opinion, the trial court found that fraud on the part of Mr. Schlemeyer was adequately established by evidence that he did not reveal the termite condition to Mr. Obde at the time of the conveyance. The court further found the plaintiffs purchased the note from the Schlemeyers without notice of any infirmity. However, this finding resulted from the trial court erroneously placing upon the defendants the burden of proving actual notice of the infirmity or such bad faith as to constitute constructive notice to the plaintiffs within the meaning of RCW 62.01.056.

On the first appeal, we held the trial court misapplied the rule as to the burden of proof, stating that "proof of fraud between the original parties imposes upon

the holder of a negotiable instrument the burden of proof that he is a *bona fide* holder." The burden of proof on the issue of good or bad faith shifted to the plaintiffs. We thereupon remanded the case for the trial court to reconsider the record and enter findings under a correct application of the burden of proof rule.

Upon the remand, the trial court reconsidered the record and found the plaintiffs satisfied this burden of proof by showing they were ignorant of the fraud perpetrated by Mr. Schlemeyer at the time they purchased the note, and that they purchased the note in good faith without knowledge of any infirmity. Upon the basis of these findings, the trial court entered judgment ordering and decreeing that the "judgment heretofore entered herein must be and it is adhered to and the Court does Order, Adjudge and Decree that the respondents were and are bona fide holders for value of the note here in suit and that they are entitled to all of the benefits afforded them by the decree of foreclosure heretofore entered herein on the 6th day of June, 1958."

On this appeal, the defendants' sole contention is that there was insufficient evidence in the record to support the findings of the trial court that the plaintiffs had no notice of the fraudulent concealment by Mr. Schlemeyer of the termite infestation in the apartment house at the time it was purchased by the defendants so as to constitute actual notice of this infirmity or bad faith within the meaning of RCW 62.01.056.

Due to admissions made before this court during the hearing on appeal, the defendants' contention need not be answered.

In response to questions presented by this court, the defendants' counsel candidly and forthrightly admitted the following, pursuant to his duty as an officer of the court: (1) After the note was executed, the Obdes commenced an action against the Schlemeyers to recover damages for the fraudulent concealment of the termite infestation in the apartment house; (2) in that action, judgment has been entered in favor of the Obdes against the Schlemeyers for

such damages, which was affirmed on appeal (*Obde v. Schlemeyer*, 56 Wn. (2d) 449, 353 P. (2d) 672 (1960), noted in 36 Wash. L. Rev. 202 (1961) ); and (3) the judgment has since been paid and satisfied.

■■ Upon the basis of these admissions, the judgment for the plaintiffs must be affirmed. By the satisfaction of that judgment, the defendants are foreclosed from asserting another claim for damages arising out of the same set of facts, as a defense in an action by the Schlemeyers against the defendants on the Obde note, even though the prior action sounded in tort and the defense in this action sounds in contract. As stated in the recent case of *Kapp v. Bob Sullivan Chevrolet Co.*, 335 S. W. (2d) 819 (Ark.) (1960), quoting from *American Process Co. v. Florida White Pressed Brick Co.*, 56 Fla. 116, 47 So. 942 (1908),

" . . . All consistent remedies may in general be pursued concurrently even to final adjudication; *but the satisfaction of the claim by one remedy puts an end to the other remedies.* . . ." (Italics ours.)

The plaintiffs as the assignees of the Schlemeyers are in no less favorable position than their assignors. Therefore, the issue as to whether the plaintiffs are holders in due course is now immaterial to the plaintiffs' right of recovery on the note and foreclosure of the mortgage in the instant case.

The judgment of the trial court is affirmed.

FINLEY, C. J., MALLERY, DONWORTH, and OTT, JJ., concur.

---

November 1, 1961. Petition for rehearing denied.