Ferman L. WARD and Ernestine Ward *v.* Robert W. RUSSELL and Vonda K. Russell

CA 90-47                                            796 S.W.2d 588

Court of Appeals of Arkansas
Division I
Opinion delivered October 17, 1990
[Rehearing denied November 14, 1990.]

*Curtis E. Rickard* and *Grisham A. Phillips*, for appellants.

*Baxter, Eisele, Duncan, Jensen & Smith*, by: *Ray Baxter*, for appellees.

GEORGE K. CRACRAFT, Judge. Ferman and Ernestine Ward appeal from a judgment entered against them in favor of Robert and Vonda Russell, in the amount of $22,725.00 for breach of implied warranties in new housing. Appellants contend that the trial court erred in failing to give their proffered instruction on waiver of the breach. We find no error and affirm.

In June 1987, appellees purchased a newly constructed home from appellants, who were also its builders. Appellees subsequently brought this action to recover damages for faulty construction and for breach of implied warranties of fitness, merchantability, and habitability, as recognized in *Wawak* v. *Stewart*, 247 Ark. 1093, 449 S.W.2d 922 (1970), and its progeny. In their complaint, appellees alleged that they had been damaged as the result of appellants' negligence in the construction of the house and their breach of warranties of fitness and habitability. Appellants answered and denied any negligence in the construction of the house, that there had been a breach of implied warranty, or that appellees had suffered any damage as a result.

At trial, appellees testified that they had obtained a loan in order to purchase the new home from appellants, and had taken possession of the home shortly thereafter. After the first rain, however, they discovered that the windows, doors, and chimney leaked. This resulted in damage to the tile flooring and carpets to the extent that the house was not habitable. They also testified that, although they promptly notified appellants of the defects, little or nothing had been done to correct them. Appellees offered expert testimony that the cause of the water problem was faulty concrete construction coupled with improper landscaping, which had caused water to flow toward and into the house. They also offered testimony as to other defects, including a sagging roof and damage to the brick work, and that the cost of correcting the defects would be in excess of $20,000.00. Appellant Ferman Ward testified and offered corroborating testimony that there were no defects in the construction or landscaping and that, although there were minor deficiencies in the home, he could correct them for less than $2,000.00.

The trial court instructed the jury on the issues of negligent construction and breach of implied warranties, and on the measure of damages as declared in *Carter* v. *Quick*, 263 Ark. 202, 563 S.W.2d 461 (1978). However, the court refused to give appellant's proffered instruction on waiver of breach of implied warranties, also discussed in *Carter*. The jury returned a verdict in appellees' favor and this appeal follows.

Appellants do not challenge the sufficiency of the evidence to support the verdict, but argue that the court erred in failing to give their proffered instruction on the issue of waiver of the breach. Appellants argue that there was sufficient evidence of waiver to create an issue of fact for the jury to determine. We agree that waiver of defects is a question of fact to be determined from the circumstances of the case. *Carter* v. *Quick, supra.* However, the defense of waiver is an affirmative one that must be specifically pled in one's answer or other responsive pleading. Ark. R. Civ. P. 8(c). Appellants did not plead waiver as a defense to the action or move to amend their answer to include that defense at any time during the course of the trial. When they tendered their instruction on that issue, it was objected to by appellees and refused by the court.

Rule 15(b) of the Arkansas Rules of Civil Procedure provides that, when issues are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been pled. While a party who knowingly acquiesces in the introduction of evidence relating to issues that are outside the pleadings is in no position to oppose a motion to conform, the court will not imply consent merely because evidence relevant to a properly pled issue incidentally tends to establish an unpled one. *Pineview Farms, Inc.* v. *A.O. Smith Harvestore, Inc.*, 298 Ark. 78, 765 S.W.2d 924 (1989). From our review of the record, we have found nothing to indicate that either the parties or the trial judge considered the case as having been tried on the theory of waiver, or to indicate that the evidence on which appellants now rely to establish waiver was not relevant to and directed toward issues that had been properly pled.

Affirmed.

WRIGHT, Acting C.J., and JENNINGS, J., agree.