Mark McGHEE, *et ux.* *v.* Jim WITCHER, *et ux.*

CA 02-546                                        101 S.W.3d 262

Court of Appeals of Arkansas
Division III
Opinion delivered March 19, 2003

[Petition for rehearing denied April 23, 2003.]

*Mark Alan Jesse,* for appellants.

*Walker & Hickey,* by: *Paul Hickey* and *Steven R. Davis,* for appellees.

JOHN MAUZY PITTMAN, Judge. The appellees are residents of the Pleasant Valley Subdivision in Little Rock. When the subdivision was platted, a bill of assurance prohibiting any commercial or business use of property in the subdivision was filed and recorded. Commercial use of that location was also prohibited by municipal zoning ordinances. Nevertheless, appellees operated a commercial day-care center out of their home, applying for and receiving a special-use permit from the city of Little Rock without disclosing, as required by the permit application, that the requested use violated a bill of assurance. Appellants reside directly next door and share a common property line with

appellees. After learning that appellees were operating a day-care center in their home, appellants made complaints about increased traffic and safety concerns to the Little Rock Police Department, the Arkansas Department of Human Services, the Neighborhood Association Board, and to the appellees themselves. These efforts were ineffective, and appellants ultimately sued to enjoin operation of the day care, asserting that it constituted a nuisance and that it violated the bill of assurance. After a hearing, the trial court found that the appellees' operation of the day care did not rise to the level of a nuisance, and that appellants waived the right to assert the bill of assurance by failing to assert it until three years after they were notified that appellees had filed for a permit to operate a day care in their home. From that decision, comes this appeal.

For reversal, appellants contend that the trial court erred in considering the waiver issue because waiver is an affirmative defense that was not specifically raised until after the hearing was concluded. They also argue that the trial court erred in finding that they waived the right to assert the bill of assurance. We reverse on the second point.

Appellants correctly assert that waiver is an affirmative defense that must be specifically pled in one's answer or other responsive pleading, *see Ward v. Russell*, 32 Ark. App. 86, 796 S.W.2d 588 (1990), and it is true that appellees did not raise the issue in their initial responsive pleading, or even before the hearing on the merits, but instead first mentioned their theory of waiver in a letter to the court some time after that hearing had been concluded. However, at a posttrial hearing on the issue of waiver, appellants never objected to the untimely manner in which the waiver issue was raised, and therefore acquiesced in it. While we will not imply consent merely because evidence relevant to a properly pled issue incidentally tends to establish an unpled one, a party who knowingly acquiesces in the introduction of evidence relating to issues that are outside the pleadings is in no position to oppose a motion to conform. *Id.* Consequently, we cannot say that the trial court erred in considering the issue of waiver.

Nevertheless, giving due deference to the trial court's superior opportunity to assess the credibility of the witnesses, *see McGuire v. Bell*, 297 Ark. 282, 761 S.W.2d 904 (1988), we think that the trial court clearly erred in finding that appellants

waived their right to rely on the bill of assurance by failing to immediately file suit upon learning that appellees were operating a day-care facility on their property. The bill of assurance expressly provided that failure to immediately proceed upon learning of a violation thereof would not result in a waiver of rights. Furthermore, although appellants did wait approximately three years before filing suit to enforce the bill of assurance, they were not idle during that time. The record is replete with evidence that appellants complained numerous times to the police department and to DHS in connection with appellees' operation of the day care. Although it is true that appellants did not base their preliminary complaints on their contractual rights under the bill of assurance, the witnesses generally agreed that appellants continuously and actively opposed the operation on several other grounds. This issue frequently arises in the context of election-of-remedies cases, where the general rule is that, where a party has cumulative and consistent remedies, he may pursue all or one, so long as he receives only one satisfaction. *Davis v. Lawhon*, 186 Ark. 51, 52 S.W.2d 887 (1932). This was explained more fully in *Kapp v. Bob Sullivan Chevrolet Co.*, 232 Ark. 266, 335 S.W.2d 819 (1960), where the supreme court said that:

> Where the law affords several distinct but not inconsistent remedies for the enforcement of a right, the mere election or choice to pursue one of such remedies does not operate as a waiver of the right to pursue the other remedies. In order to operate as a waiver or estoppel, the election must be between coexistent and inconsistent remedies. To determine whether coexistent remedies are inconsistent, the relation of the parties with reference to the right sought to be enforced as asserted by the pleadings should be considered. If more than one remedy exists, but they are not inconsistent, only a full satisfaction of the right asserted will estop the plaintiff from pursuing other consistent remedies. All consistent remedies may in general be pursued concurrently even to final adjudication; but the satisfaction of the claim by one remedy puts an end to the other remedies.

*Id.* at 269, 335 S.W.2d at 821. In the present case, the thrust of all of appellants' various legal efforts against appellees was directed toward preventing appellees from employing their property for uses that were inconsistent with and detrimental to the residential

character of the neighborhood. This is perfectly consonant with the terms and intention of the bill of assurance.

■ Nor were appellants barred by the doctrines of estoppel and laches. Both doctrines are founded on the principle of detrimental reliance, and, perhaps because the issue was not raised until after the hearing was concluded, there is no evidence that appellees incurred any expenses or otherwise relied to their detriment on appellants' three-year delay in asserting their rights under the bill of particulars. *See generally Cavaliere v. Skelton*, 73 Ark. App. 188, 40 S.W.3d 844 (2001); *compare Baldischwiler v. Atkins*, 315 Ark. 32, 864 S.W.2d 853 (1993).

■ In light of appellants' continued opposition to the prohibited use through other consistent avenues, and the express provision in the bill of assurance that failure to immediately proceed upon learning of a violation thereof will not result in a waiver of rights, we hold that the trial court erred in finding that the appellants waived their rights under the bill of assurance.

Reversed and remanded.

ROBBINS and CRABTREE, JJ., agree.