Jim WITCHER and Nancy Witcher *v.* Mark McGHEE
and Shelly McGhee

CA 03-1231                                      184 S.W.3d 474

Court of Appeals of Arkansas
Division IV
Opinion delivered June 2, 2004

*Walter & Hickey*, by: *Paul Hickey* and *Stephen R. Davis*, for appellants.

*The Jesse Law Firm, P.L.C.*, by: *Mark Alan Jesse*, for appellees.

JOHN MAUZY PITTMAN, Judge. The appellants, residents of the Pleasant Valley Subdivision in Little Rock, operated a day-care center out of their home despite a bill of assurance prohibiting any commercial or business use of property in the subdivision. Appellant Nancy Witcher admitted that she operated a business out of her home, caring for seven children and receiving payment in return. Appellees, who are also residents of the subdivision, filed suit against appellants in the Chancery Court of Pulaski County to enjoin operation of the day care. The trial court found that appellees waived the right to assert the bill of assurance by failing to assert it until three years after they were notified that appellants had filed for a permit to

operate a day care in their home. On the first appeal, we held that the trial court erred in finding that appellees waived the right to assert the bill of assurance, and we reversed and remanded. *McGhee v. Witcher,* 81 Ark. App. 255, 101 S.W.3d 262 (2003). On remand, appellants asserted that our order required the trial judge to conduct a new trial. The trial court refused to grant a new trial and, on the basis of the evidence adduced at the original trial, entered an order enjoining operation of the day care. This appeal followed.

For reversal, appellants contend that the trial court erred in refusing to grant them a new trial on the issues of waiver and estoppel, and whether their day care was a commercial day care in violation of the bill of assurance. We find no error, and we affirm.

■■ The trial court did not err in ruling that a new trial was not mandated by our order of remand. Had we intended to *require* the trial judge to conduct a new trial, we would have expressly directed him to do so. Because new trials are seldom directed on reversal of chancery (equity) decrees, the established procedure is to give special direction for new trials on remand when that is the appellate court's intention. *Deason & Keith v. Rock,* 149 Ark. 401, 232 S.W.2d 583 (1921). Instead, our remand was a general one for further consistent proceedings to allow the trial judge to make the factual findings regarding the merits that he never made in his initial order. Such an order simply means that the trial court shall render a decree in accordance with the record made, and does not require a new trial. *Id.*

Affirmed.

NEAL and BAKER, JJ., agree.