TUCKER DUCK & RUBBER COMPANY *v.* BYRAM.

4-7246                                                    177 S. W. 2d 759

Opinion delivered February 14, 1944.

*Daily & Woods,* for appellant.

*Ira D. Oglesby,* for appellee.

McHANEY, J.   On July 29, 1941, appellee wrote appellant, offering to sell to it one car of 6/4″ beech lumber for $33 per thousand feet f.o.b. Junction City, Arkansas, and advised appellant that he "would accept an order for 100,000 feet of this stock for next ninety to one hundred days shipment." On July 31, appellant sent appellee a written order, called contract No. 2051, for "100,000 ft. 6/4 Log Run Beech at $23, $33 and $43. 100,000 ft. 8/4 Log Run Beech at $23, $33 and $43. Terms 2-10 on

arrival." Not having had an acknowledgment or acceptance of said order, on August 7th, appellant wrote appellee a letter requesting acknowledgment of its said order and inquiring when delivery could be made on the first car of 6/4. On the 9th, appellee answered in part as follows: "We acknowledge your letter asking in regard to contract No. 2051, covering 6/4 and 8/4" Log Run Beech, 100,000' each dimension.

"We did not ask for any 8/4" cutting, however, will try and fill the order as you have it written, 100,000' each size. We cut only good beech logs and as a consequence get good grades from the logs. We, however, do not rip for grades as do the big mills, therefore such ripping cuts down on percentage of upper grades, but as a whole we believe you will find our beech very good." To which appellant replied on the 15th in part: "We have your favor of the 9th, accepting our order for 100,000' each of 6/4 and 8/4 Log Run Beech." Thereafter appellant wrote appellee a number of letters concerning shipments of 6/4 lumber and demanding shipments of the 8/4. The effect of the correspondence, as we view it, without setting it out, is that the minds of the parties never met on the additional order for 100,000 feet of 8/4 beech lumber. Appellant failed to pay for three cars of the 6/4 delivered to it and refused to pay therefor until appellee should ship a car of the 8/4. We understand from the contract that payment was to be made in cash on delivery or within 10 days at 2 per cent. discount. Payment was finally made by appellant for two of the cars, but it refused to pay for the third car until some 8/4 should be shipped.

Appellee brought suit against appellant for $491.55 as the purchase price of the car of 6/4 not paid for. Appellant counterclaimed, alleging that appellee had accepted its written order for 100,000 feet each of 6/4 and 8/4; that the car sued for was shipped pursuant to this contract; that appellee breached the contract by failing and refusing to ship any part of the 8/4 lumber, to its damage in the sum of $1,400.48, leaving a balance due it of $908.93. Trial before the court sitting as a jury resulted in a judgment for appellee for $491.55, with interest at 6 per cent. from January 13, 1942, for the car of

6/4 lumber shipped to appellant on December 17, 1941, and against appellant on its counterclaim. This appeal followed.

The court made the finding that appellee's acceptance of appellant's order was conditional, and, therefore, not binding on him. We agree with the trial court. As stated by this court in *Smith* v. *School Dist.*, 187 Ark. 405, 59 S. W. 2d 1022, "It is elementary law that, where a party submits an offer of a contract, this offer must be accepted without reservations. Any reservations or limitations in the acceptance in law is a rejection of the offer." We there quoted from 13 C. J., § 86, the following: "An acceptance, to be effectual, must be identical with the offer and unconditional. Where a person offers to do a thing, and the other accepts conditionally, or introduces a new term in the acceptance, his answer is either a mere expression of willingness to treat, or a counter proposal, and in neither case is there an agreement."

The principle that mutuality of obligation is essential to the validity of a contract is not in dispute here, only its applicability to the facts here presented. What are the facts? On July 29th, appellee wrote appellant offering to sell it as much as 100,000 feet of 6/4 lumber. No mention was made of 8/4 lumber. Appellant ordered the 6/4 lumber and also included in the order 100,000 feet of 8/4. Mr. Tucker testified for appellant that the reason he did this was because of a telephone conversation he had with appellee between July 29th and the 31st, in which he told appellee that he needed and wanted 8/4 beech and had or could get 6/4 beech anywhere, but would take the 6/4 if appellee would cut a like amount of 8/4, and that appellee agreed to it and told him to send the order. This conversation was denied by appellee, and the fact that the written order fails to mention that appellant would buy the 6/4 only on condition that appellee would ship the 8/4 is significant. Then, too, when appellee wrote appellant on August 9th that "we did not ask for any 8/4 cutting, however, will try and fill the order as you have it written, 100,000 each size," thereby expressing surprise at the inclusion of the 8/4 lumber in

the order, it is significant that a telephone conversation of such recent date as detailed by Mr. Tucker was not mentioned, and no mention thereof in any letter written by appellant to appellee until January 26th, nearly six months after the offer, when appellant wrote: "We are very sure that you remember distinctly that we told you that we were buying 6/4 lumber to get the 8/4. We could get the 6/4 easily, but we were having trouble getting the 8/4". To which appellee replied: "We do not recall your statement that you were buying the 6/4 in order to get the 8/4."

We think the trial court correctly held that appellee's acceptance of the contract offered was conditional and, therefore, not binding. Such holding finds strong support in our case of *Southern Cotton Oil Co.* v. *Frauenthal*, 145 Ark. 394, 224 S. W. 730. Headnote 3 of said case reads as follows: "Where a seller of cotton seed confirmed to the buyer by wire the sale of 100 tons of cotton seed for immediate shipment at $37 a ton, f.o.b. at place of shipment, but the buyer, in telegraphing its acceptance, stated it was sending written instructions, which authorized the seller to draw for only 90 per cent. of the value of the car, and called for prime cotton seed and guaranty of weights and delivery, there was no meeting of minds."

In the body of the opinion, after stating that a binding contract of sale may be made by letters and telegrams, it is said: "It is equally well settled that before the contract is consummated each party must agree to the same proposition, and the agreement must be mutual to every essential term of the contract."

Such is not the case here. Appellee never did agree to furnish the 8/4, but only that he would "try and fill the order," in other words, he did not bind himself to fill it, but would try to do so. This was a conditional acceptance.

But appellant says that the fact that appellee shipped the 6/4 lumber, which was accepted by appellant, constitutes an "unequivocal and unconditional acceptance of the order as written," and cites 55 C. J., p. 95, that:

"Where goods are ordered to be delivered in installments, the shipment of one or more of the required installments constitutes an acceptance of the order in its entirety." While this statement appears to be the general rule, we think it has no application here, as the written order for installment shipments of the 8/4 lumber was never accepted either in writing or by part performance, as no 8/4 was ever shipped. The acceptance of the order of the 6/4 and the shipment of 6/4 did not constitute an acceptance of the order for 8/4, as to which the acceptance was at all times conditional. In other words, the contract as written was severable as to the two kinds of lumber. For a discussion of the question of whether a contract is entire or severable, see 12 Am. Jur., p. 870.

Our conclusion is that the judgment is correct, and it is accordingly affirmed.