WILDMAN STORES, INC. *v.* CARLISLE
DISTRIBUTING CO., INC., and Diane CARLISLE,
Personal Representative of the ESTATE of John
CARLISLE

CA 84-377                                     688 S.W.2d 748

Court of Appeals of Arkansas
Division I
Opinion delivered May 1, 1985

*R. David Lewis,* for appellant.

*Joel C. Cole,* for appellee.

JAMES R. COOPER, Judge. Carlisle Distributing Co., Inc.
delivered a check in the amount of $10,000.00 to William
Paladino, who pledged the check to the appellant as security for

an $8,000.00 loan (which was later repaid in full). Subsequently, the appellant delivered to Paladino a check for $8,200.00, who endorsed it over to John Carlisle in payment of past indebtedness. Some 17 months later the appellant attempted to negotiate the $10,000.00 check, but the payor bank dishonored it. The appellant then sued the appellee Carlisle Distributing Co., Inc. on the $10,000.00 check and later filed suit against John Carlisle's estate to recover the $8,200.00 he received after Paladino endorsed the appellant's check to Mr. Carlisle.

The trial court sitting without a jury dismissed the appellant's complaint, finding that the $10,000.00 check lost its character as a negotiable instrument through age. The court made no specific finding relating to the $8,200.00 check. From that decision, comes this appeal.

The appellant argues on appeal that the trial court erred in failing to grant judgment against the appellee corporation, the maker of the $10,000.00 check, after finding that the appellant was a holder in due course of the negotiable instrument. First, we note that the trial court did not make a specific finding that the appellant was a holder in due course. However, because of our disposition of this case, we need not address that issue.

The trial court ordered that the appellant's complaint be dismissed for failure of proof. In explaining its rationale for refusing to hold the appellee corporation liable on the $10,000.00 check, the court stated that the check had lost its character as a negotiable instrument through age (in the 17 months during which the appellant held the check without presenting it for payment). The trial court erred because the check did not lose its negotiability by the mere passage of time. Also, even if the check for some other reason was nonnegotiable, that fact alone would not discharge the appellee corporation from liability as the drawer of the check. It appears that the trial court misconstrued the relationship between various statutes relating to negotiable instruments, namely Ark. Stat. Ann., Sections: 85-3-503(2)(a) (Add. 1961), which prescribes the time for presenting a check for payment, after which time the check becomes stale; 85-3-601(1)(i) and 85-3-502(1)(b) (Add. 1961), providing for discharge of a drawer's liability upon unexcused delay in presentment; 85-3-304(3)(c) (Add. 1961), attributing notice to the purchaser of an overdue instrument; 37-209 (Repl. 1962), the

statute of limitations for commencing actions founded upon written instruments not under seal; and 85-3-104 (Add. 1961), which sets forth the requisites of negotiability.

The drawer of a dishonored check, the appellee corporation in the case at bar, remained secondarily liable on the check until the statute of limitations ran or until its liability was otherwise discharged. The statute of limitations on instruments not under seal is five years under Ark.Stat.Ann., Section 37-209 (Repl. 1962), and thus the action against the appellee corporation was not barred by limitations.

Arkansas Statutes Annotated, Section 85-3-601 (Add. 1961), sets forth the conditions under which a party may be discharged from liability on an instrument; subsection (1)(i) deals with discharge due to unexcused delay in presentment, notice of dishonor or protest. When presentment is delayed beyond the time when it is due, the drawer of an instrument is discharged only if the conditions provided for in section 85-3-502(1)(b) (Add. 1961) are present. Section 85-3-503(2)(a) (Add. 1961) should not be read in conjunction with Section 85-3-601(1)(i) so as to discharge the drawer of a check merely because it was stale. See *Kaiser* v. *Northwest Shopping Center, Inc.*, 544 S.W.2d 785 (Tex.Civ.App., Dallas 1976).

We must reverse and remand this case for a new trial, since the record before us does not indicate whether or not the conditions for discharge were met and that issue was not addressed by the trial court. This Court cannot act as a factfinder in cases appealed from circuit court. *Rowland* v. *Worthen Bank and Trust Co.*, 13 Ark.App. 192, 649 S.W.2d 841 (1983).

The trial court made no findings as to the appellant's claim on the $8,200.00 check. Since we have reversed and remanded for a new trial as to the $10,000.00 check, the issues related to the $8,200.00 check can also be fully developed on retrial.

Reversed and remanded.

CLONINGER and GLAZE, JJ., agree.