Mike SANTIFER and Terri Santifer *v.*
ARKANSAS PULPWOOD COMPANY, Inc.

CA 98-933                                   991 S.W.2d 130

Court of Appeals of Arkansas
Division II
Opinion delivered April 14, 1999

*Robert L. Depper, Jr.*, for appellants.

*Harrell & Lindsey, P.A.*, by: *Paul E. Lindsey* and *Christina S. Carr*, for appellee.

J OSEPHINE LINKER HART, Judge. This is a breach-of-contract case. Appellee, Arkansas Pulpwood Company, Inc., signed a contract with appellant, Terri Santifer, to purchase standing timber on a sixteen-acre tract that she and her husband, appellant Mike Santifer, owned. The timber contract that appellee and Terri Santifer signed had a warranty-of-title provision that appel-

lee alleged appellants breached. According to appellee, appellants had breached the warranty-of-title provision because another timber company had an unrecorded deed, without an acknowledgment, to the timber that it had purchased from the appellants' predecessor-in-title. Appellee sued appellants in Ouachita County Circuit Court and sought damages of $16,500. The circuit court, sitting as the trier-of-fact, returned a verdict in appellee's favor and awarded appellee the $16,500 in damages it requested. The circuit court entered a judgment in appellee's favor, which appellants challenge on appeal. We affirm the judgment as to appellant Terri Santifer and reverse and dismiss the judgment as to appellant Mike Santifer.

In July 1997, appellee filed an amended complaint against appellants in Ouachita County Circuit Court. Therein, appellee alleged that in August 1996, pursuant to a contract, it purchased from Terri Santifer for $10,000 the timber located on certain land that she owned. Appellee alleged further that the timber contract had a warranty-of-title provision that Terri Santifer breached. Appellee alleged that Terri Santifer breached the warranty-of-title provision in that a predecessor-in-title to her land, William Marks, had previously conveyed the timber thereon to a third party, the Becton Timber Company, Inc. Appellee alleged further that "[appellant] Mike Santifer was involved in this transaction, acquiesced to the sale, made certain representations to [appellee] and is liable with Terri Santifer for the breach of warranty of title." With regard to damages, appellee stated in its complaint, "As a result of [appellants'] breach of warranty-of-title in the timber deed, [appellee] is entitled to recover judgment against the [appellants] for the damages suffered by [appellee]. Those damages consist of $16,500.00 paid by [appellee] to Becton Timber Co., Inc. to settle Becton's prior claim and ownership of the timber."

In August 1997, appellants filed an answer to appellee's amended complaint. In essence, appellants denied that they had breached the warranty-of-title provision of the timber contract. In January 1998, the case went to trial before the circuit court. After hearing the testimony of several witnesses, including appellants and a co-owner of appellee, the circuit court allowed counsel

to submit posttrial briefs and took the matter under advisement. On March 27, 1998, the circuit court issued a letter opinion setting forth findings of fact and conclusions of law. Therein, the circuit court set forth its finding that Terri Santifer had sold standing timber to appellee pursuant to a timber contract and that she had breached the warranty-of-title provision in the contract in that another timber company, the Becton Timber Co., had an unrecorded deed to the timber when she sold the timber to appellee.[1] Moreover, the court found that appellant Mike Santifer was liable for breach of the contract's warranty-of-title provision even though he had not signed the contract. The court also found that appellee was entitled to $16,500 in damages. Subsequently, on April 13, 1998, the circuit court caused to be entered a judgment in appellee's favor that incorporated its letter opinion. It is this judgment that appellants challenge on appeal.

Appellants raise three allegations of error. First, they assert that the circuit court erred in concluding that appellee was not estopped from claiming that they had breached the warranty-of-title provision of the timber contract. In addition, they maintain that the circuit court erred in awarding appellee $16,500 in damages. Finally, appellants contend that the circuit court erred in finding appellant Mike Santifer liable for breach of the warranty-of-title provision of the timber contract even though he did not sign the contract.

■ The standard that we apply when we review a judgment entered by a circuit court after a bench trial is well established. We do not reverse such a judgment unless we determine that the circuit court erred as a matter of law or we decide that its findings were clearly against the preponderance of the evidence. *Riffle v. United Gen. Title Ins. Co.*, 64 Ark. App. 185, 984 S.W.2d 47 (1998). Disputed facts and determination of the credibility of witnesses are within the province of the circuit court, sitting as the

---

[1] We note that appellants could have, but did not, challenge the correctness of this conclusion of law by arguing on appeal that Becton Timber Company's timber deed was invalid because it was unacknowledged and unrecorded and, therefore, would not prevent appellee from having good title to the timber as a *bona fide* purchaser, pursuant to Ark. Code Ann. § 14-15-404(b) (Repl. 1998).

trier of fact. *Ford Motor Credit Co. v. Ellison*, 334 Ark. 357, 974 S.W.2d. 464 (1998).

■ ■ Appellants' first allegation of error is procedurally barred from our review. Appellants assert that the circuit court erred in failing to conclude that appellee was estopped from recovering damages based upon their breach of the warranty-of-title provision in the timber contract at issue. In essence, appellants base their estoppel argument on testimony by John Dawson, III, a co-owner of appellee, in which he admitted Mike Santifer had told him that L.D. Becton had a deed to the timber at issue, which he had obtained from appellants' predecessor-in-title, William Marks, and that appellant Mike Santifer had told him that L.D. Becton's timber deed had expired. Appellants failed to raise this estoppel theory in their initial answer to appellee's complaint and also failed to raise it in their answer to appellee's amended complaint. Estoppel is an affirmative defense and, as such, must be raised at trial by the defendant in his or her answer or by an amendment thereto. *Slaton v. Slaton*, 330 Ark. 287, 956 S.W.2d 150 (1997). However, the affirmative defense of estoppel can be raised at trial, even though the defendant failed to plead it in his answer, by the express or implied consent of the parties. *Id.*; *Arkansas Dept. of Human Servs. v. Cameron*, 36 Ark. App. 105, 818 S.W.2d 591 (1991). Even if appellants raised the estoppel issue by an implied amendment of their answer to appellee's amended complaint, they are still procedurally barred from obtaining review of this issue because they failed to obtain a ruling from the circuit court on it. Examination of the circuit court's order, its letter opinion, and its rulings during trial shows that the appellants never obtained a ruling on the estoppel issue that they present to us. Because they failed to do so, our review of this allegation of error is barred. *See Killam v. Texas Oil & Gas Corp.*, 303 Ark. 547, 798 S.W.2d 419 (1990).

■ For their second allegation of error, appellants contend that the circuit court erred in awarding appellee damages of $16,500. According to appellants, appellee was not entitled to $16,500 in damages because it failed to take reasonable steps to mitigate damages after appellee discovered that appellants had

breached the warranty-of-title provision of the timber contract at issue. Appellants' allegation of error in this regard is meritless because they failed to put before the circuit court proof of the manner in which appellee could have taken action to mitigate its damages and proof of the amount of damages that might have been avoided had appellee taken such action. *See Minerva Enterprises, Inc. v. Howlett,* 308 Ark. 291, 824 S.W.2d 377 (1992).

Finally, appellants assert that the circuit court erred in determining that appellant Mike Santifer was liable for breach of the warranty-of-title provision in the timber contract at issue. With regard to Mike Santifer's liability, the circuit court set forth the following findings of fact and conclusions of law in its March 27, 1998, letter opinion:

> Another issue concerns the liability of [appellant] Mike Santifer. The written contract between these parties was signed only by Terri Santifer. The document prepared by [appellants] included Mike Santifer as a signatory, but this document was revised at the direction of [appellants] to list only the name of Terri Santifer. The reason for deleting the name of Mike Santifer was that Mike Santifer had had financial difficulties and the presence of his name on a public record by which he would receive certain monies might cause the attachment of those monies by creditors. All of the negotiations associated with this agreement were between [appellee] and Mike Santifer. [Appellee] agreed to accommodate [appellants] in this regard and list only Terri Santifer on the contract, even though Mike Santifer should have been listed because of his curtesy interest. [Appellee] relied upon the representations of [appellants] and as a result has been damaged. [Appellants] are, therefore, estopped to claim that Mike Santifer should not be held liable. Accordingly, [appellant] Mike Santifer is jointly and severally liable with Terri Santifer.

At trial, appellee's co-owner, John Dawson, III, testified that in August 1996, appellee paid Terri Santifer $10,000, pursuant to the timber contract at issue, for the timber described therein. Mr. Dawson testified further that he negotiated the purchase of the timber with Mike Santifer only and that Mike Santifer told him that he owned the land upon which the timber was located and that he had recently purchased it. He also testified that after he

and Mike Santifer finished their negotiations for the purchase of the timber, appellee's "office" prepared a timber contract that stated Mike Santifer and Terri Santifer were grantors. Moreover, he testified that appellants' lawyer had redrafted the timber contract so as to note only Terri Santifer as the grantor. With regard to why appellants' counsel made this change in the timber contract, Mr. Dawson stated, "[Appellants' attorney] advised us that Terri Santifer was the one that had to sign . . . come to find out later that Mr. Santifer had some lien or something with the State and owed the State money and he didn't want this timber money to be caught up in that so he wasn't going to sign the timber deed."

At trial, on direct examination, Mike Santifer stated that he and his wife had purchased the sixteen acres, on which the timber at issue was located, from William Marks in May 1996. On cross-examination, Mike Santifer admitted that he had a state tax lien against him and that was the reason he did not want his name on the timber contract and did not want his name on the check that appellee used to pay for the timber. He also admitted that if his lawyer had not advised him not to sign the timber contract, he would have done so. Moreover, he admitted that when he was negotiating the sale of the timber with appellee's co-owner, John Dawson, III, he was speaking on behalf of himself and his wife and he also admitted that he felt as much a party to the timber contract as his wife.

■ The circuit court erred in concluding that Mike Santifer was estopped from denying his liability for breach of the warranty-of-title provision. Four elements are necessary to establish estoppel. They are: 1) the party to be estopped must know the facts; 2) the party to be estopped must intend that his conduct be acted on or must act so that the party asserting the estoppel had a right to believe it was so intended; 3) the party asserting the estoppel must be ignorant of the facts; and 4) the party asserting the estoppel must rely on the other's conduct and be injured by that reliance. *City of Russellville v. Hodges,* 330 Ark. 716, 957 S.W.2d 690 (1997).

■ With regard to the first element of estoppel — knowl-edge of the facts — there was no proof before the circuit court that appellant Mike Santifer knew Becton Timber Company's timber deed was valid when appellee entered into the timber con-tract with his wife, Terri. John Dawson, III, admitted that appel-lant Mike Santifer told him that he believed Becton Timber Company's deed had expired before appellee purchased the timber at issue from Terri Santifer. Appellee never proved that appellant Mike Santifer did anything with regard to Becton Timber Com-pany's deed except tell what he believed to be the truth about it, which was that it had expired. Moreover, with regard to the fourth element of estoppel — reliance on the other's conduct — there was no proof before the circuit court that appellee purchased the timber at issue in reliance on assurances from Mike Santifer that, despite his not signing the timber contract as a grantor, he would warrant the good title of the timber at issue. In summary, the circuit court would have been correct if it had merely con-cluded that appellant Mike Santifer was estopped from denying that he had told John Dawson, III, that Becton Timber Com-pany's timber deed had expired, but it erred in concluding that he was estopped from denying his liability for breach of the warranty-of-title position of the timber contract.

For the reasons set forth above, we affirm the judgment at issue as to appellant Terri Santifer and reverse the judgment as to appellant, Mike Santifer, and dismiss.

Affirmed in part and reversed and dismissed in part.

ROGERS and STROUD, JJ., agree.