HEARTLAND COMMUNITY BANK v.
Edward P. HOLT and Betty Jo Holt

CA 99-360 3 S.W.3d 694

Court of Appeals of Arkansas
Division III
Opinion delivered November 3, 1999
[Petition for rehearing denied December 15, 1999.]

*Robert S. Laney*, for appellant.

*Cuffman and Phillips*, by: *James H. Phillips*, for appellees.

JOHN B. ROBBINS, Chief Judge. Appellant Heartland Community Bank, formerly known as First Federal Savings & Loan Association of Camden, appeals the judgment entered in favor of appellees Edward and Betty Jo Holt for breach of contract. Appellees sued appellant in Dallas County Circuit Court, and the case was tried to the bench. The contract between the parties was an option to purchase land owned by the bank located at 1001 West Fourth Street in Fordyce, Arkansas. Because appellant later sold a part of the original property without first offering it to appellees, the trial judge entered judgment for appellees in the amount of $78,000, plus prejudgment interest and court costs. This appeal resulted.

Appellant argues that the trial court erred in finding (1) that there was a valid contract between the parties, (2) that there was a breach of the contract, and (3) that appellees were entitled to $78,000 in damages. Appellees' cross appeal concerning the trial

court's denial of their motion for attorney's fees was withdrawn. We reverse.

■ The standard that we apply when we review a judgment entered by a circuit court after a bench trial is well established. We do not reverse such a judgment unless we determine that the circuit court erred as a matter of law or we decide that its findings were clearly against the preponderance of the evidence. *Santifer v. Arkansas Pulpwood Co., Inc.*, 66 Ark. App. 145, 991 S.W.2d 130 (1999); *Riffle v. United General Title Ins. Co.*, 64 Ark. App. 185, 984 S.W.2d 47 (1998). Disputed facts and determination of the credibility of witnesses are within the province of the circuit court, sitting as trier of fact. *Ford Motor Credit Co. v. Ellison*, 334 Ark. 357, 974 S.W.2d 464 (1998); *Santifer, supra; see also Country Corner Food and Drug, Inc. v. Reiss*, 22 Ark. App. 222, 737 S.W.2d 672 (1987).

A more detailed explanation of the evidence presented at trial is necessary for an understanding of this case. Appellant had a branch bank office in Fordyce located at 1001 West Fourth Street. In 1992, appellant, through its officers and board of directors, began considering renovating the building or moving the bank to another location. In 1993, appellee Mr. Holt approached appellant's president suggesting that he had property that would be suitable for the new bank location. Mr. Holt's property was also on West Fourth Street. Nothing came of this suggestion. On May 10, 1994, appellant purchased additional property from Mr. Fred Smith for $20,000, less some transaction expenses. This property was adjacent to the bank's existing location and was purchased in anticipation of an expansion. However, appellant later decided that renovation was not feasible. Thereafter, appellant and appellee Mr. Holt met to discuss the possible sale of appellees' property or perhaps a swap of appellees' property for that belonging to appellant. Ultimately, on March 2, 1995, an offer and acceptance pertaining to appellees' property was executed by appellant and appellees. Pursuant to that contract, appellant purchased appellees' property located at 610 West Fourth Street for $50,000, subject to nine conditions. The two conditions that are relevant on this appeal provided (1) that appellant retained the right to occupy its present location rent-free until construction of its new building was completed, and (2) that appellees had the first option to purchase appellant's present location at 1001 West Fourth Street.

Purporting to act on this option, on November 28, 1995, appellees sent to appellant an offer-and-acceptance contract to buy appellant's property located at 1001 West Fourth Street for the price of $50,000, of which $20,000 would be paid in cash and the $30,000 balance would be paid in monthly installments over a four-year period, and expressly providing that appellant would pay appellees $600 per month rent until the property was vacated. Appellees tendered a $5,000 earnest money check with the offer and acceptance. On December 13, 1995, appellant sent a rejection letter to appellees and returned the earnest money check. The letter contained a comment that appellees should refer to the conditions in the purchase contract of the 610 West Fourth Street property that specified that appellant would occupy the building with no rent until the new building was completed and "that you, Edward P. and Betty Jo Holt, has *sic* a first option to purchase property located 1001 W. 4th Street." There was no dispute raised as to timeliness, no question regarding the price, and no question about what property was at issue.

On June 4, 1996, without notifying appellees, appellant sold the strip of land that lay adjacent to the bank back to Mr. Smith from whom it had been purchased. On August 8, 1996, appellant wrote a letter to appellee Mr. Holt stating that it would sell the property that it owned for $75,000, even though an appraisal dated July 18, 1996, found the market value of the property to be $108,000. Appellant stated that since a swap was not consummated, it felt that an appraisal was in order. Appellant also noted in the letter that it had sold the adjacent property back to its original owner. Appellees did not respond, so on August 22 appellant notified appellees that it would have to have appellees' decision by August 31, 1996. Appellees countered by requesting to exercise their option to buy the property for $50,000, and expressed shock that appellant had already sold part of the property to Mr. Smith. Appellant accepted this offer with a closing date of September 30, 1996, and explained that only the parcel of land that had been bought from Mr. Smith had been sold back to him. The deadline passed without the deal being consummated. On June 26, 1997, appellees filed this action for breach of contract.

After the bench trial, the trial court found in appellees' favor. The order stated that appellees had acquired an option to purchase appellant's property on March 2, 1995, for $50,000, the same price

that appellant paid for appellees' property; that the property which was subject to the option was the property that appellant owned at that time, including the adjacent land that had been subsequently sold back to Mr. Smith; that because there was no specified time within which the option could be exercised, it therefore must be within a "reasonable" period of time; that exercising the option eight months after the option right was created was a reasonable time; that appellant could not argue that the exercise was not timely when appellant offered the property to appellees pursuant to the option eight months after it had rejected appellees' first attempt to exercise their option; that the breach occurred when appellant offered less than all of the property to appellees on August 8, 1996; and that appellees' damages were $78,000 because the property (including the adjacent property) had an appraised value of $128,000 while appellees had the option right to purchase the land for $50,000, the difference being the amount of damages.

Appellant's contention that there was no valid option contract is not persuasive. Its arguments on appeal are that there are conflicts in Mr. Holt's testimony and that there was no consideration given for the option. However, appellant never specifically pleaded failure of consideration in its answer to the complaint for breach of contract. This is an affirmative defense that must be pleaded. Therefore, this argument is waived. Ark. R. Civ. P. 8(c); see *Medlock v. Burden*, 321 Ark. 269, 900 S.W.2d 552 (1995). We recognize that pursuant to Ark. R. Civ. P. 15(b), when issues are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been pleaded. However, we will not imply consent to conforming the pleadings to the proof merely because evidence relevant to a properly pled issue incidentally tends to establish an unpled one. *Pineview Farms, Inc. v. A. O. Smith Harvestore, Inc.*, 298 Ark. 78, 765 S.W.2d 924 (1989); *Ward v. Russell*, 32 Ark. App. 86, 796 S.W.2d 588 (1990). We find nothing to indicate that either the parties or the trial judge considered the case as having been tried on the theory of failure of consideration or to indicate that the evidence upon which appellant now relies to establish failure of consideration was not relevant to and directed toward issues that had been properly pleaded. *See Ward, supra.*

The trial court has the duty to weigh the evidence and resolve any conflicts in testimony. *Santifer, supra.* The contract, as it pertained to the option, was admitted by both parties to be ambigu-

ous, and therefore required the trial court to take parol evidence in order to determine the intent of the parties. This is a question of fact for the fact-finder. *Lee v. Hot Springs Village Golf School*, 58 Ark. App. 297-A, 951 S.W.2d 315 (1997); *Wedin v. Wedin*, 57 Ark. App. 203, 944 S.W.2d 847 (1997). The trial court did so, and its findings conform to the parties' intent by their words and actions. Appellant's argument is focused on conflicts and competing inferences deducible from the evidence regarding the fixed time and fixed price. Because that is a task left solely to the fact-finder, we find no clear error on this point.

 Next, appellant argues that if there was a valid contract, then there was no breach. We find merit to this argument. When appellees attempted to exercise their option to purchase the property for the agreed $50,000, they changed the terms of the appellant's offer that the option contract held open. A purported acceptance of an offer that changes the terms of the offer constitutes a rejection of the offer. *See Tucker Duck & Rubber Co. v. Byram*, 206 Ark. 828, 177 S.W.2d 759 (1944). An option is merely an offer by one party to sell within a limited period of time and a right acquired by the other party to accept or reject such offer within such time. *See Swift v. Erwin*, 104 Ark. 459, 148 S.W. 267 (1912).

> The acceptance of an option to purchase realty must be absolute and unconditional, in accordance with the offer made, and without modification or the imposition of new terms in order to constitute a valid exercise of the option and thereby impose a duty on the vendor to convey. The rule of substantial compliance with the terms of the contract, which is applicable to bilateral contracts whereby both parties are already bound, is not applicable to the exercise of an option, since an option is a continuing offer to make a bilateral contract and thus must be accepted precisely according to the terms of the offer. If the optionee attaches conditions to his or her acceptance or notice of his or her election to buy which are not warranted by the terms of the option, such a response amounts to a rejection of the option, unless the acceptance is in the first instance unconditional, and the additional term is a mere request for a departure from the terms of the option as to the time and place of completing the transaction, or for additional or different terms.

77 AM. JUR. 2d *Vendor and Purchaser* § 49 (1997). *See e.g. Russell v. Hill*, 237 Ark. 712, 375 S.W.2d 661 (1964); *see also Chournos v.*

*Evona Investment Co.*, 97 Utah 346, 94 P.2d 470 (1939); *Weadock v. Champe*, 193 Mich. 553, 160 N.W. 564 (1916). The United States Supreme Court has similarly held that an offer by one who has secured an option for the purchase of real property that departs from the terms of the option as to the time of payment of the purchase price amounts to a rejection of the option, and such option may not be revived by a subsequent unconditional acceptance. *Beaumont v. Prieto*, 249 U.S. 554 (1919).

 ▮ The insertion of new terms regarding deferring payment of the purchase price and providing for rent to be paid by appellant upon purchase of appellant's property directly contradicted the terms of the option and thereby constituted a rejection. Appellant recognized this in its letter returning appellee's contract and earnest money when it referred to appellees' proposal as a "new offer." We believe that the trial court clearly erred in holding otherwise. Any further negotiations and offers were new and independent of the option because that option had been terminated. Because we reverse on this issue, appellant's last point on appeal regarding the amount of damages is moot.

Reversed and dismissed.

GRIFFEN, J., and HAYS, S.J., agree.